HENRY M. CHILTON, EMPLOYEE, PLAINTIFF APPELLEE v. BOWMAN GRAY
SCHOOL OF MEDICINE, EMPLOYER AND MARYLAND CASUALTY COM-
PANY, CARRIER

No. 7910IC417

(Filed 5 February 1980)

**1. Master and Servant § 60.4— workmen's compensation—injury at picnic—no coverage**

Plaintiff was not entitled to workmen's compensation for a broken ankle suffered while playing volleyball at an annual picnic for faculty members and new residents in the radiology department of defendant school, since it was not clear that the radiology department did in fact sponsor the picnic; attendance at the picnic was voluntary; no record of attendance was taken; participants were not paid for the time spent, nor was any employee required to work at the medical school if he did not attend; the picnic, though an annual custom, was not an event that plaintiff employee regarded as a benefit to which he was entitled as a matter of right; and the radiology department did not utilize the picnic as an opportunity to give a "pep" talk or grant awards.

**2. Master and Servant § 90— workmen's compensation—notice to employer of accident**

The Industrial Commission properly ruled that plaintiff's failure to give written notice pursuant to G.S. 97-22 did not bar his claim to workmen's compensation, since several members of defendant's faculty had personal knowledge of plaintiff's injury the second it happened, and there was evidence that the dean of defendant school knew of plaintiff's injury.

APPEAL by defendant from Order of the North Carolina Industrial Commission entered 5 February 1979. Heard in the Court of Appeals 5 December 1979.

Dr. Henry Chilton suffered a compound fracture dislocation of his right ankle and lateral malleolus on 5 August 1976. Plaintiff is an instructor of nuclear medicine in the radiology department of the Bowman Gray School of Medicine and was attending a picnic organized each year by the faculty of the department. The doctor was playing volleyball when his right ankle twisted and a break resulted.

Testimony before the Industrial Commission tended to show that the picnic was held so that members of the department faculty and the new residents could become acquainted. One of the faculty members stated that he found the picnic to be valuable, because he liked to meet the residents before their in-

struction began. Another professor testified that the radiology department has a large number of people, is spread out geographically and that it sometimes takes a year or two for residents to rotate through sections of the department. For those reasons, it is valuable to meet new residents at the annual picnic.

The picnic has been held for several years at Tanglewood Park. Invitations to the picnic are on "little slips of paper" and sent through interoffice mail. The radiology department pays for the picnic shelter and beverages and provides passes allowing free entrance into the park. Senior faculty members provide the food. Members of the faculty testified that they felt that they should go to the picnic, although there was no direct pressure to attend. The Industrial Commission found as fact that between 75% and 80% of the personnel were in attendance the day of Dr. Chilton's injury.

The deputy commissioner issued an order denying an award, finding the injury did not arise out of and in the course of employment. On appeal, the Full Commission reversed the order of the deputy commissioner and made an award. The defendants appealed.

*Craige, Brawley, Lüpfert & Ross, by F. Kevin Mauney, for plaintiff appellee.*

*Hutchins, Tyndall, Bell, Davis & Pitt, by Richard Tyndall and Richard V. Bennett, for defendant appellants.*

HILL, Judge.

[1] By their first three assignments of error, defendants contend that the Industrial Commission erred in ruling ". . . (a) [t]hat the picnic and attendant activities, in the course of which plaintiff was injured, furthered his employer's interests, and (b) [t]hat the plaintiff's injury arose out of and in the course of his employment."

This case presents a situation which is increasingly appearing in litigation. Employers sponsor or encourage a recreational acitivity during which an employee is injured, and the employee seeks workmen's compensation. While it is clear that recovery will be allowed when attendance is required, the question

becomes closer when the degree of employer involvement descends to mere sponsorship or encouragement. 1A Larson, Workmen's Compensation Law § 22.23, p. 5-85. The difference between an award or denial of compensation is more in the strength of the fact situation presented than in the tests and rules applied. *Larson*, at p. 5-89.

Several questions should be considered in determining whether compensation will be awarded:

(1) Did the employer in fact sponsor the event?

(2) To what extent was attendance really voluntary?

(3) Was there some degree of encouragement to attend evidenced by such factors as:

    a. taking a record of attendance;

    b. paying for the time spent;

    c. requiring the employee to work if he did not attend; or

    d. maintaining a known custom of attending?

(4) Did the employer finance the occasion to a substantial extent?

(5) Did the employees regard it as an employment benefit to which they were entitled as of right?

(6) Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards? *Larson*, at p. 5-85.

We find that these questions are helpful in establishing a structural analysis of when to award compensation.

Despite this structure, courts from other jurisdictions have taken fact situations similar to the one in this case, applied an analysis similar to the one set forth above and reached conflicting results. In *Feaster v. S. K. Kelso and Sons*, 22 Pa. Commw. Ct. 20, 347 A. 2d 521 (1975), an employee drowned while attending the employer's picnic, which it sponsored as an annual custom. The picnic was announced by means of a poster; the food was supplied by employer—the employees incurring no expense. There was no

organized program of activity, and no speeches were given. Employee attended purely on a voluntary basis. The Pennsylvania court ruled that the purpose of the picnic was to promote the employer's interest in good relationships with its employees, and thus the employee died while engaged in the furtherance of the business of his employer.

However, *see Ethen v. Franklin Manufacturing Company*, 286 Minn. 371, 176 N.W. 2d 72 (1970), where the court takes similar facts and arrives at a contrary result. There, employee was asked by his foreman to take part in a tug-of-war at a company-sponsored picnic. Attendance was voluntary, and about half of the company's employees attended. The tug-of-war was cancelled. In order to reach another part of the picnic site to "socialize," employee jumped on the running board of a truck, slipped, and fell under the truck, injuring his back. The court found that the picnic was sponsored and financed by employer; attendance was encouraged but voluntary; no record of attendance was taken; no speeches were made or awards presented; and the event was not held on a workday. Contrary to the Pennsylvania court, the *Ethen* court denied workmen's compensation, stating there was no ". . . substantial benefit to the employer which would warrant an award of compensation." *Ethen*, at p. 74.

North Carolina case law illustrates this State's reluctance to grant recovery in a situation such as this. In *Berry v. Furniture Co.*, 232 N.C. 303, 60 S.E. 2d 97 (1950), as a matter of good will, employer gave a fishing trip at its expense to its employees at year's end. Several employees and the manager of the furniture company boarded a company truck one Saturday evening, drove to Morehead City, and camped in the truck for the night. Sunday morning, while driving from Morehead City to Beaufort, the truck ran over a rough place in the road, and employee fell out. As a result, employee suffered head and bodily injuries. The court held that, ". . . it is obvious that the outing, or fishing trip, 'after the store had closed for the day's work' on Saturday, is not incidental to claimant's employment. And there is no causal relation between an injury by accident suffered while on such outing and the employment." *Berry*, at p. 306.

In *Barber v. Minges*, 223 N.C. 213, 25 S.E. 2d 837 (1943), employee was injured while on a fishing trip. Employer, a soft

drink bottler, customarily provided an annual outing for employees and their families for the purpose of promoting good will. Employee attended and was fatally burned when the boat in which he was riding exploded and caught fire. The Court pointed out that,

> The outing sponsored by the employers in the case at bar occurred on Sunday — (citation omitted) — the employee was not paid for attendance, nor penalized for non-attendance, nor ordered to go, but was merely invited. He did no work and there is no suggestion that on this occasion he was under the control and direction of the employer in any respect . . . . It seems a necessary conclusion that the Workmen's Compensation Act has no relation to the circumstances of his case.

*Barber*, at pp. 219-220.

In situations where there is an injury at an employer-sponsored recreational event, courts throughout the country have either adopted Professor Larson's system of analysis or addressed the same issues that he finds determinative in deciding whether to grant recovery under workmen's compensation laws. We choose to follow that system of analysis and hold that Dr. Chilton should not recover.

First, it is not clear that the radiology department sponsored the picnic. The notice did not appear on department stationery. No invitation came expressly from the head of the department. The event seems to be a self-perpetuating one that occurs each year more because of tradition than from any initiative taken by the department head. Furthermore, sponsorship standing by itself would not indicate coverage.

Second, attendance was voluntary. There was testimony from faculty members that they felt they should go, but that they were not compelled to do so. The estimated attendance of around 80% of the department indicates that there was no compulsion.

Third, no record of attendance was taken. The participants were not paid for the time spent, nor was any employee required to work at the medical school if he did not attend.

Fourth, the picnic, while certainly an annual custom, was not an event that employee regarded as being a benefit to which he was entitled as a matter of right.

---

Chilton v. School of Medicine

---

Finally, the radiology department did not utilize the picnic as an opportunity to give a "pep" talk or grant awards.

Plaintiff maintains that the event served a larger purpose than just increasing employee good will, in that the faculty was able to meet their new colleagues and students before they started their rotations through the department. This personal contact is vague and unmeasurable as a benefit to the employer.

Admittedly, the business of a medical school is to teach. Personal camaraderie and respect between the faculty and students involved in professional education greatly enhance the educational experience. We cannot say that this vague benefit transforms an annual social occasion into a business meeting.

[2] The second argument in defendants' brief asserts that the Industrial Commission erred in ruling that plaintiff's failure to give written notice pursuant to G.S. 97-22 does not bar his claim. We find no error in the Commission's ruling. Several members of the medical school faculty had personal knowledge of plaintiff's injury the second it happened. There is evidence that the dean of the school knew of plaintiff's injury. Defendants were not prejudiced by plaintiff's failure to file a written claim within the time set forth in G.S. 97-22.

We reverse the Order and Award made by the Full Commission and remand the case to the Full Commission affirming entry of an order in accordance with this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge PARKER concur.