MARILY S. FLOYD, Employee, Plaintiff-Appellee v. FIRST CITIZENS BANK, Employer, Defendant-Appellant

No. COA98-560

(Filed 2 March 1999)

## 1. Workers' Compensation— findings of fact—evidence sufficient

In a workers' compensation action arising from a back injury suffered when plaintiff fell while buying bagels for an office Christmas breakfast, the Industrial Commission had ample competent evidence upon which to base its finding that plaintiff's supervisor had instructed her to coordinate the breakfast.

## 2. Workers' Compensation— course of employment—coordinating Christmas breakfast

The Industrial Commission did not err in a workers' compensation action by concluding that plaintiff's injury arose in the course of her employment where she fell and injured her back while buying bagels for an office Christmas breakfast. Plaintiff was engaged in an activity directly related to her supervisor's request that she coordinate the breakfast.

Appeal by defendant from opinion and award entered 19 February 1998 by the N.C. Industrial Commission. Heard in the Court of Appeals 4 January 1999.

FLOYD v. FIRST CITIZENS BANK

[132 N.C. App. 527 (1999)]

*Carruthers & Roth, P.A., by Kenneth L. Jones, for plaintiff-appellee.*

*Brooks, Stevens & Pope, P.A., by Daniel C. Pope, Jr., and Bambee N. Booher, for defendant-appellant.*

McGEE, Judge.

Plaintiff was employed by defendant in December 1993 when she slipped and fell while buying bagels for an office Christmas breakfast that her boss had instructed her to coordinate for defendant's entire city office, including all department heads. Plaintiff suffered a serious back injury as a result of the fall. The Industrial Commission (Commission) found as a fact that plaintiff's injury caused her to be disabled. The Commission concluded as a matter of law that plaintiff's injury arose within the course of her employment and that she was entitled to workers' compensation disability benefits. Defendant appeals.

[1] Defendant assigns error to the Commission's finding of fact that plaintiff's supervisor instructed her to coordinate the Christmas breakfast. Defendant also assigns error to the Commission's conclusions of law that plaintiff's injury arose in the course of her employment and that plaintiff is entitled to workers' compensation benefits.

In considering an appeal from an award of the Commission,

[t]he reviewing court's inquiry is limited to two issues: whether the Commission's findings of fact are supported by competent evidence and whether the Commission's conclusions of law are justified by its findings of fact. When the Commission's findings of fact are supported by competent evidence, they are binding on the reviewing court in spite of the existence of evidence supporting contrary findings.

*Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 379 (1986) (citations omitted).

"The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." Thus, the Commission may assign more weight and credibility to certain testimony than other. Moreover, if the evidence before the Commission is capable of supporting two contrary findings, the determination of the Commission is conclusive on appeal.

*Dolbow v. Holland Industrial,* 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983) (citations omitted), *disc. review denied,* 310 N.C. 308, 312 S.E.2d 651 (1984).

The Commission found as a fact that plaintiff "was instructed" by her supervisor to coordinate the breakfast. Defendant disputes this finding, saying that "competent evidence does not exist" to support the finding. We disagree. The transcript of the Commission hearing includes plaintiff's testimony stating, "I was asked to coordinate the breakfast for the main office[.]" Plaintiff testified that because she had been asked to coordinate the event, her attendance was "absolutely" mandatory. Plaintiff further testified, "[I]t was . . . my job to coordinate it and do the breakfast, so I went and got the bagels for the breakfast." She also stated, "[I]t was my job to coordinate and do this breakfast[.]" Plaintiff testified that her supervisor "asked me to coordinate this, and so I followed through with coordinating it and making sure everything was there, and part of that was getting the bagels to the breakfast." Furthermore, plaintiff's supervisor, Paul Ford, testified regarding the breakfast that plaintiff "was asked to do it . . . to coordinate this event[.]" The Commission had ample competent evidence upon which to base its finding that plaintiff's supervisor instructed her to coordinate the Christmas breakfast.

[2] Defendant also assigns error to the Commission's conclusion of law that plaintiff's injury arose in the course of employment. In *Stewart v. Dept. of Corrections,* 29 N.C. App. 735, 737-38, 225 S.E.2d 336, 338 (1976) (citations omitted), our Court stated that:

> To be compensable an accident must arise out of the course and scope of employment. Where the fruit of certain labor accrues either directly or indirectly to the benefit of an employer, employees injured in the course of such work are entitled to compensation under the Workmen's Compensation Act.

> This result obtains especially where an employee is called to action by some person superior in authority to him. . . . It appears clear that when a superior directs a subordinate employee to go on an errand or to perform some duty beyond his normal duties, the scope of the Workmen's Compensation Act expands to encompass injuries sustained in the course of such labor. Were the rule otherwise, employees would be compelled to determine in each instance and, no doubt at their peril, whether a requested activity was beyond the ambit of the act.

The order or request need not be couched in the imperative. It is sufficient for compensation purposes that the suggestion, request or even the employee's mere perception of what is expected of him under his job classification, serves to motivate undertaking an injury producing activity. So long as ordered to perform by a superior, acts beneficial to the employer which result in injury to performing employees are within the ambit of the act.

In the case before us, plaintiff's injury occurred while plaintiff was engaged in activity directly related to defendant's request that she coordinate the Christmas breakfast. The Commission did not err in concluding that plaintiff's injury arose in the course of plaintiff's employment.

Defendant argues that plaintiff is not entitled to workers' compensation benefits because the facts of this case do not meet the standard set out in Larson's Workers' Compensation Law § 22.23 and adopted by this Court in *Chilton v. School of Medicine*, 45 N.C. App. 13, 262 S.E.2d 347 (1980). Defendant is correct that the facts before us do not meet the standard set out in *Chilton*. In fact, the two cases are entirely distinguishable, and *Chilton* is not controlling in this case. In *Chilton*, the plaintiff, a medical school faculty member, attended a departmental picnic and was injured while playing volleyball. Nothing in *Chilton* suggests that the plaintiff had been asked to organize the picnic. Here, plaintiff was injured while carrying out a specific request by her supervisor.

We have reviewed defendant's other assignments of error and find them to be without merit.

Affirmed.

Judges EAGLES and MARTIN concur.