The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the initial hearing, as
 STIPULATIONS
1. On September 27, 1997, the date of plaintiff's claimed injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Plaintiff has received no workers' compensation payments.
4. Plaintiff began working for defendant-employer on July 28, 1997. He last worked for defendant-employer on October 16, 1997.
5. A Form 22 Wage Chart, marked as Stipulated Exhibit Number Two, is admitted into evidence.
6. Defendants' Exhibits A-G are admitted into evidence.
***********
Based upon all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. At the time of the initial hearing, plaintiff was twenty-seven years old. He had graduated from high school and had attended college for two years. On January 2, 1995, he received an honorable discharge from the United States Army.
2. Plaintiff began working for defendant-employer as a produce selector on July 27, 1997. The duties of this position required plaintiff to lift heavy containers of fresh produce. Plaintiff was responsible for pulling cases of produce to fill orders for defendant-employer's customers.
3. Plaintiff's direct supervisor was Barry Younce. Howard Huffman, Mr. Younce's superior, also had supervisory authority over plaintiff.
4. Defendant-employer regularly held mandatory personnel meetings. Mr. Huffman was involved in these meetings. During more than one of these meetings, Mr. Huffman discussed a softball team and softball games in which he participated. Mr. Huffman encouraged employees who were interested in playing to attend player try-outs. Posters regarding the softball team were posted about defendant-employer's premises. The posters, which directed interested persons to contact Mr. Huffman, were placed about the premises by members of the team. They were not posted at the direction of defendant-employer. Mr. Huffman once telephoned plaintiff at his home to discuss plaintiff's interest in trying-out for the team.
5. Plaintiff believed that his participation on the softball team would engender a good working relationship with Mr. Huffman. He also believed that his opportunity for advancement might be increased if he joined the team. Therefore, plaintiff expressed to Mr. Huffman that he was interested in trying out for the team. Shortly thereafter, Mr. Huffman invited plaintiff to attend a batting practice session being held on a day that plaintiff was not scheduled to work. On that day, plaintiff demonstrated his offensive and defensive skills. Based upon the results of this try-out, Mr. Huffman made plaintiff a team member.
6. The softball team played in weekend softball tournaments promoted or arranged by USSSA, an organization not associated with defendant-employer. Team participation in the tournament was limited only by the number of games that could be played in a single weekend. Prior to September 27, 1997, plaintiff participated in two softball games. The team lost each of these two games. During these two games, plaintiff wore a black tee shirt. He also furnished his own glove and cleats. The team furnished the softballs and bats.
7. Prior to the tournament game scheduled for September 27, 1997, plaintiff purchased a tee shirt bearing defendant-employer's logo on the left breast. Plaintiff purchased this shirt by giving ten dollars to Mr. Huffman. Plaintiff wore this tee shirt during the tournament game on September 27, 1997. On September 27, 1997, the softball team included a "few" persons who were employees of defendant-employer. Plaintiff was not scheduled to work on September 27, 1997, a Saturday.
8. While playing third baseman on September 27, 1997, an offensive player attempting to slide into third base collided with plaintiff and caused an injury to his left knee.
9. Participation on the team was not restricted to persons employed by defendant-employer. Persons not employed by defendant-employer were team members. Participation was voluntary. The games were not played on defendant-employer's premises. Rather, the games were played at a park in Lenoir, North Carolina. Defendant-employer did not compensate plaintiff or other employees for time trying-out or participating in softball games. Defendant-employer did not provide uniforms for the team members. Defendant-employer did not discipline employees who did not try-out or play for the team. Defendant-employer did not pay the fees charged for the team's entry into the various tournaments. Defendant-employer did not take attendance at the games or try-outs. In light of these credible and convincing facts, the undersigned find that plaintiff was not acting on the course or scope of his employment when he was injured on September 27, 1997.
***********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. N.C. Gen. Stat. § 97-2(6); Chilton v. BowmanGray School of Medicine, 45 N.C. App. 13, 262 S.E.2d 347 (1980).
2. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the ___ day of ________, 1999.
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/____________ RENEE C. RIGGSBEE COMMISSIONER
S/____________ DIANNE C. SELLERS COMMISSIONER
JHB:kws