***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown good grounds to reconsider the evidence; therefore, the Full Commission REVERSES the holding of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. On December 11, 2001, the employment relationship existed between Plaintiff-Employee and Defendant-Employer.
3. The employer is self-insured with Key Risk Management Services as the servicing agent.
4. The Plaintiff's average weekly wage was $752.00, which yields a compensation rate of $501.36 per week.
5. The deposition of Dr. Richard Francis is a part of the evidentiary record in this case.
 ***********
Based upon the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a teacher with N.C. Special Care Eastern Adolescent Treatment Program (EATP) where he worked with "Willie M" program adolescents.
2. Plaintiff suffered an injury to his Achilles tendon while playing basketball on December 11, 2001, after his normal work hours.
3. Plaintiff's basketball team was part of a recreational industrial basketball league organized by the Recreation Department of the City of Wilson. The team's basketball games were played at Reed Street Recreational Center, which was unrelated to defendant's property.
4. Defendant's employees organized the team on their own. Defendant did not participate in organizing the basketball league or the team organized by the employees. Defendant never paid for employee's time while participating on the team. Defendant neither recommended nor encouraged employees to participate in the basketball team. Defendant expected no benefit from the existence of the basketball team. Defendant never requested that the players appear at any functions to represent defendant or promote their place of employment.
5. Defendant provided no equipment for the team. During the course of the team's history prior to plaintiff's injury, defendant only contributed $200.00 of the $350.00 team entrance fee in the first year of the team's existence, which was the year prior to plaintiff's injury. The source of funds for defendant's one-time monetary contribution was money from vending machines on defendant's property.
6. Team participants were responsible for payment of their own individual entrance fees and their own uniforms.
7. The players asked Dr. Richard Francis, a staff doctor, to serve as a volunteer coach of the team. Dr. Francis served as coach and provided basketballs for the team at his personal expense.
8. The players organized a raffle and a chicken plate fund-raising event to raise money for the team's yearly entrance fee. The chicken plate fund-raising event was supposed to be executed by team players who were not working. However, several of the players did not show up and several on duty employees filled in because some players did not show up. No long-term commitment of employee time was made by defendant to support the team in any manner. Also, players asked for personal donations from other employees to supplement their fundraising efforts.
9. Plaintiff received no compensation from defendant for playing on the team nor was he required by defendant to participate.
10. Evidence reveals that some of the counselors would allow students who had demonstrated good conduct to be taken off campus to watch the employees' basketball team perform. The Full Commission gives this evidence little weight especially since there was no evidence presented showing defendant asked employees to use the games as a reward.
11. The Full Commission does not find credible the hearing testimony of employee Miguel Hall that the counselors played basketball games while they were "on the clock" and that advance notice of this had been given to Gayle Moore, Director of EATP.
12. Based upon the totality of the evidence, plaintiff has failed to prove by the greater weight of the evidence that his injury arose out of and in the course and scope of his employment with defendant.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. For a workers' compensation claim to be compensable, plaintiff must show that he sustained an "injury by accident arising out of and in the course of the employment." N.C.G.S. § 97-2(6), (18). Both parts of the definition must be satisfied in order for compensability to be found. Bell v. Dewey Bros., 236 N.C. 280, 72 S.E.2d 680 (1952).
2. "While it is clear that recovery will be allowed when attendance is required, the question becomes closer when the degree of employer involvement descends to mere sponsorship or encouragement." Chilton v.Bowman Gray School of Medicine, 45 N.C. App. 13, 262 S.E.2d 347 (1980). In this case, plaintiff's attendance was not required and the degree of employer involvement at the time of plaintiff's injury did not consist of sponsorship or encouragement; therefore, plaintiff's injury did not arise out of and in the course and scope of his employment.
3. In Chilton, the Court of Appeals adopted from Larson's treatise on workers' compensation the following structured analysis applicable to recreation cases such as this: (1) Did the employer in fact sponsor the event? (2) To what extent was attendance really voluntary? (3) Was there some degree of encouragement to attend evidenced by such factors as: a.) taking a record of attendance; b.) paying for the time spent; c.) requiring the employee to work if he did not attend; or d.) maintain a known custom of attending? (4) Did the employer finance the occasion to a substantial extent? (5) Did the employees regard it as an employment benefit to which they were entitled as of right? (6) Did the employer benefit from the event, not merely in a vague way through better morale and good will, but through such tangible advantages as having an opportunity to make speeches and awards? Chilton, N.C. App. at 14-15,262 S.E.2d at 348. As the greater weight of the evidence so indicates in this case, none of these questions may be answered in the affirmative; thus, plaintiff is entitled to no recovery of benefits under the Workers' Compensation Act.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission REVERSES the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiff's claim under the law must be and is hereby DENIED.
2. Both parties shall bear their own costs.
This the ___ day of September 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER