JAMES YINGLING, Employee, Plaintiff
v.
BANK OF AMERICA, Employer, SELF-INSURED (GALLAGHER BASSETT SERVICES, INC., Servicing Agent), Defendant

No. COA12-1031

Filed 5 March 2013

**1. Workers' Compensation—injury—written notice—reasonable excuse for delay—no prejudice**

The Industrial Commission did not err in a workers' compensation case by concluding that that plaintiff worker's 2006 injury was compensable. The findings supported the conclusion that plaintiff had a reasonable excuse for delay in filing written notice and defendant was not prejudiced by the delay.

---

## 2. Workers' Compensation—injury—aggravation of pre-existing condition

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff worker's 2008 injury was compensable. Dr. Lane's testimony, which the Full Commission found credible and relied upon, was competent evidence that supported the finding that plaintiff's 2008 injury materially aggravated his pre-existing condition.

## 3. Workers' Compensation—directing medical treatment—discretion of Commission

The Industrial Commission did not abuse its discretion in a workers' compensation case by approving Dr. Lane as plaintiff worker's treating physician. Approval of an employee-selected physician is left to the sound discretion of the Commission.

Appeal by defendant from Opinion and Award entered 3 April 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 31 January 2013.

*Kathleen Shannon Glancy, P.A, by Kathleen Shannon Glancy, for plaintiff-appellee.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones and Justin D. Robertson, for defendant-appellant.*

STROUD, Judge.

Bank of America ("defendant") appeals from the 3 April 2012 Opinion and Award granting James Yingling ("plaintiff") compensation for 2006 and 2008 work-related injuries and approving Dr. Joseph Lane as plaintiff's treating physician. Defendant argues on appeal that plaintiff's 2006 injury is not compensable because he failed to give written notice without reasonable excuse, that they were prejudiced by the two-year delay, that the Full Commission erred in concluding otherwise, and that the Full Commission's findings on this issue do not support its conclusions. Defendant further argues that the findings of the Full Commission as to plaintiff's 2008 injuries are not supported by the evidence and that the Commission erred in approving Dr. Lane as a treating physician. For the following reasons, we hold that the Full Commission's findings as to the 2006 injury supported its conclusions, that its findings as to the 2008 injury were supported by the evidence, and that the Commission did not err in approving Dr. Lane as a treating physician. Therefore, we affirm the Opinion and Award.

YINGLING v. BANK OF AM.

[225 N.C. App. 820 (2013)]

## I. Introduction

Plaintiff began working for defendant in 2005 as a client manager and a support associate. Plaintiff worked with clients to provide various banking and financial services. In July 2005, plaintiff fell from a ladder in his home's backyard and injured his back. Plaintiff sought treatment for the injury and was able to engage in normal activity again within a year.

On 29 November 2006, plaintiff had a meeting at work in one of defendant's buildings. After plaintiff delivered doughnuts and coffee to the morning meeting, he went to move his car to another lot because he had parked in a spot reserved for senior managers. As plaintiff was driving through an intersection, his car was hit by another driver who ran a red light.

Plaintiff contacted his supervisor and the branch manager, who both came to the scene of the accident and helped plaintiff retrieve his items from the vehicle. Plaintiff also reported the accident to his manager in Charlotte. Plaintiff did not file any written notice of the incident with defendant at that time. Later that same day, plaintiff began feeling back pain again and went to Wrightsville Family Practice for treatment. Over the next several months, plaintiff sought treatment for his back pain at a variety of facilities and with several physicians. Despite the treatments, plaintiff continued to experience significant pain through December 2007.

In December 2007, plaintiff visited Dr. Lane at the Hospital for Special Surgery in New York. After speaking with and examining plaintiff, Dr. Lane recommended physical therapy and other conservative treatment to address plaintiff's continuing back pain. Plaintiff continued to work for defendant throughout this period.

On 13 June 2008 plaintiff slipped and fell on a recently-waxed floor while at work. This fall caused plaintiff "considerable" pain in his back and down his legs. Plaintiff again sought treatment from Dr. Lane, who recommended more invasive treatment, including spinal surgery. Despite a successful surgery, which helped mitigate some of plaintiff's pain, plaintiff continued to experience considerable discomfort. Plaintiff has not worked for defendant since the 2008 fall.

Plaintiff filed written notice of a claim for the 2008 injury on 1 August 2008 and written notice of a claim for the 2006 injury on 16 October 2008. Defendant denied both claims. The claims were heard by Deputy Commissioner James C. Gillen, who found both claims

compensable and awarded plaintiff total disability compensation, as well as medical and psychological expenses and attorney's fees, by Opinion and Award entered 19 September 2011. Defendant appealed to the Full Commission, which found plaintiff's injuries compensable and granted plaintiff total disability, all medical and psychological care incurred as a result of both injuries, and attorney's fees by Opinion and Award entered 3 April 2012. Defendant filed written notice of appeal to this Court on 3 May 2012.

## II. Compensability of Plaintiff's Injuries

### A. Standard of Review

> The standard of review in workers' compensation cases has been firmly established by the General Assembly and by numerous decisions of this Court. Under the Workers' Compensation Act, the Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Therefore, on appeal from an award of the Industrial Commission, review is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This [C]ourt's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

*Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citations, quotation marks, and brackets omitted).

### B. 2006 Injury

**[1]** Defendant argues that plaintiff is not entitled to compensation for his 2006 injury because he failed to provide timely written notice without reasonable excuse and that it was prejudiced by the delay. Plaintiff counters that he gave defendant immediate actual notice of the accident, which constitutes a reasonable excuse for the nearly two-year delay in providing written notice, and that defendant cannot show any prejudice.

As a general rule, to be entitled to recover workers' compensation benefits, an employee injured in a work-related accident must give the employer written notice of the accident as soon as practicable or "within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial

Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby." N.C. Gen. Stat. § 97-22 (2009). Our Supreme Court has decided two cases addressing this issue in the past several years—*Richardson v. Maxim Healthcare/Allegis Group*, 362 N.C. 657, 669 S.E.2d 582 (2008) and *Gregory v. W.A. Brown & Sons*, 363 N.C. 750, 688 S.E.2d 431 (2010) *(Gregory I)*. In *Richardson*, the Court held:

> "The plain language of section 97-22 requires an injured employee to give written notice of an accident unless it can be shown that the employer, his agent or representative, had knowledge of the accident. When an employer has actual notice of the accident, the employee need not give written notice, and therefore, the Commission need not make any findings about prejudice."

*Richardson*, 362 N.C. at 663, 669 S.E.2d at 586 (citations, quotation marks, and emphasis omitted). But in *Gregory*, the Court noted that

> [n]ot every instance of actual notice will satisfy the statutory requirements of reasonable excuse and lack of prejudice. The Industrial Commission is therefore obligated to apply the test *in each case in which timely written notice of the accident is lacking*, and the Commission *cannot award compensation in such a case* unless it concludes as a matter of law that the absence of such notice is reasonably excused *and* that the employer has not been prejudiced. Further, because the right to compensation of an employee who did not give timely written notice depends on the Commission's conclusions on these legal issues, the Commission must support those conclusions with appropriate findings of fact as detailed above.

*Gregory I*, 363 N.C. at 762, 688 S.E.2d at 440 (emphasis added).

To some extent, *Richardson* and *Gregory I* appear inconsistent; in fact, the dissent in *Gregory I* claims that the majority has "essentially overrule[d] Richardson just one year later, while claiming not to do so, in order to reach a particular outcome" and "add[ed] nothing but confusion and inconsistency to our own jurisprudence." *Id.* at 764, 688 S.E.2d at 441 (Hudson, J., dissenting). Yet this Court is bound to follow both *Richardson* and *Gregory I*, so our task is to reconcile the two cases.

The Supreme Court in *Gregory I* distinguished *Richardson* on the basis that in *Richardson* the issue of notice was not contested, whereas in *Gregory I* it was. *See id.* at 759-60, 688 S.E.2d at 438 ("It was uncontested that the defendants in [*Richardson*] had actual notice of the plaintiff's accident, and in light of that actual notice, the Commission concluded that the defendants were not prejudiced by the delay in written notice. . . . [T]he most important factual difference between *Richardson* and the instant case . . . concerns whether the parties disputed the issue of actual notice."). The *Gregory I* court also noted the differences in the facts of the two cases. In *Richardson*, the plaintiff was injured in an automobile accident, "which was a discrete occurrence resulting in relatively certain injuries." *Id.* at 760, 688 S.E.2d at 438. In *Gregory I*, the plaintiff's back pain developed over an extended period of time, and "[t]he timing of plaintiff's injury was uncertain both because of the discrepancy in the evidence as to the time and place of the injury and because plaintiff continued reporting for work after her accident." *Id.* Factually, the circumstances of the 2006 automobile accident here are quite similar to *Richardson*, as plaintiff's automobile accident was "a discrete occurrence resulting in relatively certain injuries," despite his prior back problems from his July 2005 fall at home. *Id.*

As directed by *Gregory I*, we read the two clauses of N.C. Gen. Stat. § 97-22 separately. *Id.* at 759, 688 S.E.2d at 437-38 ("The language following the semicolon initially provides that 'no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death.' In other words, the language after the semicolon applies to all workers' compensation benefits, regardless of whether they accrue before or after the giving of written notice." (citation and emphasis omitted)). To put this in context, the entire statute provides as follows:

> Every injured employee or his representative shall immediately on the occurrence of an accident, or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident, and the employee shall not be entitled to physician's fees nor to any compensation *which may have accrued under the terms of this Article prior to the giving of such notice*, unless it can be shown that the employer, his agent or representative, had *knowledge of the accident*, or that the party required to give such notice had been prevented from doing so by reason of physical or mental

incapacity, or the fraud or deceit of some third person; *but no compensation* shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.

N.C. Gen. Stat. § 97-22 (emphasis added).

The statute differentiates between compensation and medical expenses which accrue prior to the employer's receipt of written notice and *all* compensation, which includes any benefits which might accrue at any time after the injury by accident. As to the benefits which accrue prior to written notice, the employee must show that the employer did have actual knowledge of the accident, unless this notice was prevented by "physical or mental incapacity" or "fraud or deceit of some third person." *Id.* As to all benefits, including those accruing both before and after the employer receives written notice, the notice is required within 30 days of the accident unless the employee shows a "reasonable excuse . . . to the satisfaction of the Industrial Commission" for the delay in notice and the employer was not prejudiced by the delay. *Id.*

Thus, if a plaintiff is seeking compensation for disability benefits or expenses incurred prior to written notice being given, the plaintiff must show that the employer had actual knowledge of the accident, or that one of the other enumerated exceptions applies. *Gregory I*, 363 N.C. at 759, 688 S.E.2d at 437; N.C. Gen. Stat. § 97-22 ("[T]he employee shall not be entitled to physician's fees nor to any compensation *which may have accrued under the terms of this Article prior to the giving of such notice*, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or the fraud or deceit of some third person." (emphasis added)).

Further, in *every* case where the plaintiff is seeking compensation for an accident not reported in writing within 30 days the Industrial Commission must make findings and legal conclusions both as to whether the plaintiff has shown a reasonable excuse for the delayed notice *and*, unless the issue of actual notice is uncontested, as to whether defendant has shown prejudice from the delay. *Gregory I*, 363 N.C. at 759-61, 688 S.E.2d at 437-39; N.C. Gen. Stat.

§ 97-22 ("[N]o compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."). These findings must be supported by the evidence. *See Richardson*, 362 N.C. at 660, 669 S.E.2d at 584.

In this case, plaintiff seeks compensation and medical expenses incurred both prior to defendant's receipt of written notice as well as compensation and medical expenses incurred after the notice and into the future. The Commission concluded that plaintiff had shown a reasonable excuse and that defendant was not prejudiced by the delay in receipt of written notice because it found that defendant had received actual notice the day of the accident. Defendant argues that the finding of actual notice was unsupported by the evidence and that the Commission's findings that plaintiff had shown a reasonable excuse and that defendant had not been prejudiced by the delay were not supported by the findings.[1] Because we conclude that the Commission's finding of actual notice is supported by the evidence, that this finding supports the conclusion that plaintiff had shown a reasonable excuse, and that the findings support the Commission's conclusion on the issue of prejudice, we affirm the Opinion and Award as to the 2006 injury.

i. Actual notice and reasonable excuse

Under N.C. Gen. Stat. § 97-22, the first portion of the inquiry is whether defendant had "knowledge of the accident," or actual notice of the accident, as this is necessary for plaintiff to recover benefits accruing prior to written notice, absent one of the exceptions in the statute. Further, in order for plaintiff to recover any benefits, he must show "reasonable excuse" for the delay in written notice. As both the parties and the Commission addressed the issues of "knowledge of the accident" and "reasonable excuse" together based upon the facts of this case, we will also, although we note that they are actually discrete issues legally.

"Section 97-22 gives the Industrial Commission the discretion to determine what is or is not a 'reasonable excuse.' N.C. Gen. Stat.

---

1. In their briefs, the parties do not distinguish between the expenses incurred prior to written notice being given and those incurred after, but their arguments do address all three issues: actual notice of the accident, reasonable excuse for delay in written notice, and prejudice.

§ 97-22 ("[U]nless reasonable excuse is made *to the satisfaction of the Industrial Commission . . .").*" *Chavis v. TLC Home Health Care,* 172 N.C. App. 366, 377, 616 S.E.2d 403, 412 (2005), *app. dismissed,* 360 N.C. 288, 627 S.E.2d 464 (2006).

> A 'reasonable excuse' has been defined by this Court to include a belief that one's employer is already cognizant of the accident or where the employee does not reasonably know of the nature, seriousness, or probable compensable character of his injury and delays notification only until he reasonably knows. The burden is on the employee to show a 'reasonable excuse.'

*Jones v. Lowe's Companies, Inc.,* 103 N.C. App. 73, 75, 404 S.E.2d 165, 166 (1991) (citations, quotation marks, ellipses, and brackets omitted).

Here, the Full Commission concluded that plaintiff had a reasonable excuse for delay because he "gave immediate actual notice to two managers of defendant and he did not know of the compensable character of his injury" and because he did not know that his injury was compensable under the Workers' Compensation Act. Defendant argues that the Commission's conclusion was erroneous for two reasons. First, defendant argues that the evidence did not support the finding of actual notice because plaintiff did not report that his accident was work-related to his supervisors, and that actual notice of the *accident* is not the same as notice of a *work-related injury.* Second, defendant contends that plaintiff's lack of awareness that his injury would be compensable under the Workers' Compensation Act is not sufficient to justify a conclusion that his delay was reasonable.

We first address the issue of "knowledge of the accident," or actual notice. In unchallenged findings of fact number 4 and 6, the Commission found:

> 4. On November 29, 2006, plaintiff was injured in a motor vehicle accident while working for defendant. The accident occurred when plaintiff was moving his vehicle from a parking lot adjacent to defendant's building to another parking location during the work day. On that morning, plaintiff parked his car in the lot adjacent to defendant's building so as to provide and carry doughnuts and coffee for an 8:00 a.m. meeting. After the meeting, plaintiff was required to move his car to another parking location because the adjacent lot he

used prior to the meeting contained only a small number of spaces, which were assigned to senior managers. In the process of moving his car, plaintiff was involved in a collision when he drove through an intersection and his car was struck by another driver who ran a red light. Following the motor vehicle accident, plaintiff contacted his supervisor Tom Dodson from the accident scene. Mr. Dodson and the branch manager came to the scene and helped plaintiff retrieve items from his vehicle. Plaintiff also reported the accident to Debra Pickens, his manager in Charlotte.

. . . .

6. Plaintiff missed only a handful of days from work in the wake of the November 29, 2006 motor vehicle accident, as he was able to adjust his work schedule around his medical appointments. Plaintiff used sick time and was paid for these days. Plaintiff testified before the Deputy Commissioner that he did not immediately file [a] claim because he was unfamiliar with the Workers' Compensation Act and didn't realize that he may be entitled to benefits under the Act. Following the November 29, 2006 motor vehicle accident, plaintiff continued to get good performance reviews from defendant.

The Commission then found

that defendant had actual notice and knowledge of the accident and of plaintiff's resulting injury. This notice came when Mr. Dodson and defendant's branch manager came to the scene immediately after the motor vehicle accident, and also when plaintiff called and reported the accident to Debra Pickens, his manager in Charlotte.

Defendant argues that notifying a manager of an accident is not the same as notifying him of a work-related injury and that therefore the evidentiary facts found do not support the ultimate finding of actual notice. Defendant cites a footnote from *Gregory I* in support of its argument. Defendant argues that the Supreme Court noted that "[a]n employer's notice of an employee's 'accident,' standing alone, does not necessarily trigger any statutory duties for the employer." *Gregory I*, 363 N.C. at 763, 688 S.E.2d at 440 n.1. This is true, but

Defendant omits the sentence preceding the one quoted; it states that "[u]nlike 'accident,' 'injury' is a defined term under the Workers' Compensation Act, meaning 'only injury by accident arising out of and in the course of the employment.' [N.C. Gen. Stat.] § 97–2(6) (2007)." *Id.*

Defendant is correct that the definitions of "accident" and "injury" are different.

> The Workers' Compensation Act extends coverage only to an "injury by accident arising out of and in the course of the employment [.]" N.C. Gen.Stat. § 97-2(6) (2003). Injury and accident are separate concepts, and there must be an accident which produces the injury before an employee can be awarded compensation.

*Swift v. Richardson Sports, Ltd.*, 173 N.C. App. 134, 138, 620 S.E.2d 533, 536 (2005) (citation omitted). An "accident," for purposes of workers' compensation, has been variously "defined as[:] 'an unlooked for and untoward event which is not expected or designed by the injured employee[;]' '[a] result produced by a fortuitous cause[;]' '[a]n unexpected or unforeseen event[;]' [and] '[a]n unexpected, unusual or undesigned occurrence.'" *Edwards v. Piedmont Publishing Co.*, 227 N.C. 184, 186, 41 S.E.2d 592, 593 (1947) (citations omitted).

N.C. Gen. Stat. § 97-22 states that the employer must have "knowledge of the *accident;*" it does not require knowledge of a "work-related injury" as argued by defendant. Our prior cases have recognized that the employer's knowledge of the employee's "unexpected or unforeseen event," or accident, along with knowledge that the employee was injured to some degree by this event, is sufficient. *See, e.g., Legette v. Scotland Memorial Hosp.*, 181 N.C. App. 437, 447, 640 S.E.2d 744, 751 (2007) (holding that evidence that the plaintiff verbally informed her supervisor of the accident and that plaintiff's supervisor accompanied her to the emergency room supported a finding that the defendant had actual notice), *disc. rev. denied*, 362 N.C. 177, 658 S.E.2d 273 (2008), and *Chilton v. Bowman Gray School of Medicine*, 45 N.C. App. 13, 18, 262 S.E.2d 347, 350 (1980) (holding that there was evidence of actual notice where employees of the defendant were present at the picnic where the plaintiff broke his ankle while playing volleyball and had personal knowledge of the accident).

Moreover, the Supreme Court in *Gregory I* did not hold that the Commission's findings on actual notice were inadequate. The only issue before the Court was whether findings as to prejudice are required where actual notice is found. *See Gregory I.* at 363 N.C. 764, 688 S.E.2d at 440-41. The Supreme Court reversed and remanded because the Commission had failed to make *any* conclusions of law or findings of fact as to whether the defendant was prejudiced by the delay. *See id.* at 764, 688 S.E.2d at 440 ("The Full Commission in this case erred in awarding benefits to plaintiff without concluding that defendants were not prejudiced by plaintiff's failure to give written notice within thirty days after her accident and without supporting such a conclusion with appropriate findings of fact."). This Court's holding affirming the conclusion that the plaintiff had shown a reasonable excuse based on actual notice was left undisturbed. *Id.* at 764, 688 S.E.2d at 440-41; *Gregory v. W.A. Brown & Sons*, 192 N.C. App. 94, 106, 664 S.E.2d 589, 596 (2008), *rev'd in part, Gregory I*, 363 N.C. at 764, 688 S.E.2d at 440-41.

Here, the Commission found that plaintiff immediately contacted three agents of defendant and informed them of the automobile accident. The uncontested findings show that the accident occurred during the workday, that the branch manager and defendant's supervisor went to the scene of the accident, and that plaintiff contacted his manager in Charlotte and informed her of his car accident that same day. Although plaintiff did not immediately seek medical treatment, he did soon after the accident, and he notified defendant of his need to be absent from work to attend medical appointments. Although the Commission did not make any findings about the precise words that plaintiff used to notify defendant about the accident, there is no evidence that plaintiff ever denied that the accident was work-related. Additionally, there is no contention that plaintiff was going home or attending to some personal errand at the time of the accident. These facts support the Commission's ultimate finding that defendant had actual knowledge of plaintiff's accident and that finding supports the conclusion that plaintiff had a reasonable excuse for his delay in providing written notice. *See Legette*, 181 N.C. App. at 447, 640 S.E.2d at 751; *Chilton*, 45 N.C. App. at 18, 262 S.E.2d at 350. This actual notice satisfies both the requisite "knowledge of the accident" for plaintiff to recover expenses incurred prior to written notice being given and the "reasonable excuse" prong of the ultimate two-part test under N.C. Gen. Stat. § 97-22.

A plaintiff does not have to show both that the employer had "actual knowledge of the accident" *and* that the employee did not "reasonably know of the . . . probable compensable character of his injury and delays notification only until he reasonably knows." *Lawton v. Durham County*, 85 N.C. App. 589, 592, 355 S.E.2d 158, 160 (1987) (citation omitted). Rather, he need only show the Commission that he had a reasonable excuse for delay in providing written notice. *See Jones*, 103 N.C. App. at 75, 404 S.E.2d at 166. Having held that the Commission's findings on actual notice support its conclusion that plaintiff has shown a reasonable excuse for delay, we need not decide whether plaintiff's ignorance of the workers' compensation system constitutes lack of knowledge of the probable compensable character of his injury. We now turn to the issue of prejudice.

ii.  Prejudice by the delayed written notice

> A defendant-employer bears the burden of showing that it was prejudiced. If the defendant-employer is able to show prejudice by the delayed written notice, the employee's claim is barred, even though the employee had a reasonable excuse for not providing written notice within 30 days, as required by statute. Our Courts have noted the purpose of providing the employer with written notice within 30 days of the injury in accordance with the statute is twofold: First, to enable the employer to provide immediate medical diagnosis and treatment with a view to minimizing the seriousness of the injury; and second, to facilitate the earliest possible investigation of the facts surrounding the injury. Thus, in determining whether prejudice occurred, the Commission must consider the evidence in light of this dual purpose. In addition, our Courts have found that where the employer is on actual notice of the employee's injury soon after it occurs, and soon enough for a thorough investigation, defendant-employer is not prejudiced by plaintiff's failure to provide timely written notice.

*Gregory II*, ___ N.C. App. at ___, 713 S.E.2d at 74 (citations and quotation marks omitted).

The Commission concluded that defendant "[was] not prejudiced because they [sic] had immediate actual notice and could have investigated the incident." Defendant argues that it was prejudiced by plaintiff's delay in filing written notice of the 2006 injury because it

was unable to effectively investigate plaintiff's claim two years later, plaintiff's medical costs are much higher than they otherwise would have been because he has directed all of his own medical treatment over the course of those two years, including treatment by a physician in New York, and because defendant is now unable to file a third-party claim against the driver of the vehicle who ran the red light and struck plaintiff in 2006.

In *Gregory I*, the Supreme Court noted some facts which could support a conclusion of lack of prejudice:

> [F]indings of fact to the effect that an employer had actual knowledge within thirty days after an employee's accident, and that the actual knowledge included such information as the employee's name, the time and place of the injury or accident, the relationship of the injury to the employment, and the nature and extent of the injury, could support a legal conclusion that the employer was not prejudiced by the delay in written notice.

*Gregory I*, 363 N.C. at 761-62, 688 S.E.2d at 439. The Supreme Court provided this list of information to provide guidance, "not . . . to limit either deputies or the Full Commission." *Id.* at 761, 688 S.E.2d at 439. Thus, it is clear that the Commission need not make findings that the employer knew all of the above information to support a conclusion that the employer was not prejudiced.

Additionally, in *Gregory I*, the Supreme Court noted that although there were no findings of prejudice in *Richardson*, the defendant in that case had failed to show prejudice, and distinguished it from the situation in *Gregory I*:

> [T]he employee in *Richardson* was involved in an automobile accident, which was a discrete occurrence resulting in relatively certain injuries. In this case, on the other hand, plaintiff had been experiencing back pain for approximately six months when her accident occurred and sought workers' compensation after she "aggravated her preexisting degenerative condition." The timing of plaintiff's injury was uncertain both because of the discrepancy in the evidence as to the time and place of the injury and because plaintiff continued reporting for work after her accident. As a result of plaintiff's actions, initial attempts by physicians to

> diagnose plaintiff's problem and determine whether it
> was work related were inconclusive.

*Id.* at 760, 688 S.E.2d at 438.

As noted above, the factual circumstances of the automobile accident here and in *Richardson* are quite similar, as is the length of the delay in written notice. Here, the Commission's uncontested findings show that agents of defendant went to the scene of the accident and were otherwise immediately informed thereof by plaintiff himself. The Commission also made uncontested findings that plaintiff took paid sick leave to attend his medical appointments and that a co-worker noticed that plaintiff "was in a lot more pain and was just different" after the accident. It is clear, then, that defendant knew which employee had been involved in the accident, when and where that accident had occurred, and that plaintiff was injured in a car accident as he was moving his car from defendant's parking lot to his normal work spot after delivering refreshments for a meeting. The findings do not directly mention whether defendant was aware of the extent of plaintiff's injuries. Additionally, although plaintiff had previously experienced back problems, like in *Gregory I*, the Commis-sion found that those problems had subsided by the time of plaintiff's 2006 accident. As in *Richardson*, the car accident here "was a discrete occurrence resulting in relatively certain injuries." *Id.*

We hold that the Commission's findings support the conclusion that defendant had immediate, actual knowledge of the accident and failed to further investigate the circumstances surrounding the accident at that time. *See id.* at 761-62, 688 S.E.2d at 438. If defendant had properly investigated this accident at the time it received actual notice and accepted his claim as compensable, it could have directed plaintiff's treatment and filed a third-party complaint against the driver of the vehicle that struck plaintiff in 2006. N.C. Gen. Stat. § 97-22 requires only that the Commission be "satisfied that the employer has not been prejudiced" and under *Gregory II* the findings of fact here are sufficient to support this conclusion of lack of prejudice.

Defendant does not contend that plaintiff's injury was exacerbated by a delay in treatment because there was no delay in treatment. The Commission found, and defendant does not contest, that plaintiff first sought medical treatment the same day as the accident and continued to seek treatment in the following months until he was able to manage his pain "with physical therapy and other conservative treatments." Nor does defendant contend that plaintiff received

YINGLING v. BANK OF AM.

[225 N.C. App. 820 (2013)]

improper or inappropriate medical care which may have worsened his condition instead of improving it.

As in *Gregory II*, "we hold the evidence supports the Commission's findings that defendant-employer had actual notice of plaintiff's injury soon after it occurred and that such actual notice under the circumstances of the present case satisfied the twin aims of providing the employer with a 30–day written notice" such that defendant cannot show that it was prejudiced by the delay. *Gregory II*, ___ N.C. App. at ___, 713 S.E.2d at 76.

C. 2008 Injury

**[2]** Defendant next argues that the Commission's findings of fact as to plaintiff's 2008 injury were unsupported by the evidence. Specifically, defendant argues that given plaintiff's history of back problems, the Commission could not find that the 2008 accident materially accelerated or aggravated his pre-existing condition. Defendant also argues that Dr. Lane's opinion that plaintiff's pain has increased is incompetent evidence because it was based solely on plaintiff's own reports and is inconsistent with the "objective" evidence.

One of the principal witnesses credited by the Industrial Commission was Dr. Joseph Lane. Dr. Lane is a board-certified specialist in orthopedics, attending physician at New York Presbyterian Weill, and a professor of orthopedic surgery and assistant dean at the Weill Cornell Medical College who has authored numerous publications on orthopedics. He testified that he first treated plaintiff late in 2007 for back pain. He examined plaintiff's medical records and spoke with plaintiff about his symptoms. At that time plaintiff was experiencing knee, neck, and back pain serious enough to seek treatment, and even severe enough to impact his ability to work at times, but the pain was intermittent. At the 2007 meeting, Dr. Lane recommended physical therapy and other conservative treatment. Dr. Lane scheduled a follow-up session for July 2008. However, before that time, plaintiff slipped and fell at work. Plaintiff reported to Dr. Lane that "he was in miserable pain," and moved his appointment up several weeks.

Dr. Lane stated that plaintiff "was a different person [at the time of the 2008 examination] than I had seen in 2007 in a number of ways," and explained that many of plaintiff's symptoms had become much more severe. Because of these more severe symptoms Dr. Lane recommended a decompression surgery to take pressure off of plain-

tiff's affected nerves. Dr. Lane also examined plaintiff on two occasions after the surgery. Dr. Lane testified that the surgery went well, though plaintiff continued to suffer some numbness in his legs, discomfort at the site of the surgery, and pain in his back. Dr. Lane noted that although the surgery resulted in improvement, plaintiff "still had not gotten back to his pre-fall level." Finally, Dr. Lane opined that the 2008 fall contributed to, accelerated, and exacerbated plaintiff's pain.

Defendant, citing *Thacker v. City of Winston-Salem*, 125 N.C. App. 671, 482 S.E.2d 20, *disc. rev. denied*, 346 N.C. 289, 487 S.E.2d 571 (1997), argues that Dr. Lane's testimony was incompetent because he assumed the truth of facts that the record did not support and relied on plaintiff's "subjective reports."

In *Thacker*, the expert witness specifically testified that he could not give an opinion on whether the accident aggravated the plaintiff's pre-existing condition. *Thacker*, 125 N.C. App. at 675, 482 S.E.2d at 23. The witness only said that in a hypothetical scenario posed by plaintiff's counsel the accident *could* aggravate the plaintiff's pre-existing condition. *Id.* Here, by contrast, Dr. Lane did not merely guess or speculate, but opined, based on his actual physical examinations of plaintiff, plaintiff's reports to him, and his extensive experience and training in orthopedics, that the accident did aggravate plaintiff's pre-existing condition. Thus, defendant's reliance on *Thacker* is misplaced.

Additionally, defendant's argument that Dr. Lane's testimony is incompetent because he relied on plaintiff's reports of his pain is unconvincing. Dr. Lane treated plaintiff both before and after the 2008 accident and thus had a particularly good opportunity to evaluate plaintiff's physical condition and complaints over time. Especially when treating pain patients, "[a] physician's diagnosis often depends on the patient's subjective complaints, and this does not render the physician's opinion incompetent as a matter of law." *Jenkins v. Public Service Co. of North Carolina*, 134 N.C. App. 405, 410, 518 S.E.2d 6, 9 (1999), *disc. rev. dismissed as improvidently granted*, 351 N.C. 341, 524 S.E.2d 805 (2000).

Defendant also argues that the Commission could not find that the 2008 incident aggravated plaintiff's pre-existing condition because Dr. Lane did not examine *all* of plaintiff's medical records. This argument goes to the weight to be given to Dr. Lane's testimony, not to its competency. Defendant essentially asks us to re-weigh the evidence before the Commission based on the "objective" evidence presented.

> [T]he Commission's findings of fact are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary. . . . [T]his Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding.

*Hassell v. Onslow County Bd. of Educ.*, 362 N.C. 299, 305, 661 S.E.2d 709, 714 (2008) (citations and quotation marks omitted).

We hold that Dr. Lane's testimony, which the Full Commission found credible and relied upon, was competent evidence that supports the finding that plaintiff's 2008 injury materially aggravated his pre-existing condition. Therefore, we affirm the Full Commission's Opinion and Award as to the 2008 injury.

### III. Directing Medical Treatment

**[3]** Defendant finally argues that the Full Commission erred in approving Dr. Lane as a treating physician and that "[t]here is no statutory authority giving the Industrial Commission the authority to deem an injury compensable and then simultaneously usurp[] an employer's right to direct medical treatment."

The Commission found that "given the circumstances of this case, plaintiff's future medical care is best directed by Dr. Lane" and approved future care provided by Dr. Lane. Defendant contends that because of the 2011 changes to N.C. Gen. Stat. § 97-25 the Industrial Commission must make specific findings that support its decision to approve a physician in the first instance. Defendant cites no cases in support of this proposition.

N.C. Gen. Stat. § 97-25 now states, in part, that "[i]n order for the Commission to grant an employee's request to change treatment or health care provider, the employee must show by a preponderance of the evidence that the change is reasonably necessary to effect a cure, provide relief, or lessen the period of disability" and omits the previously included phrase "as may in the discretion of the Commission be necessary." N.C. Gen. Stat. § 97-25 (2011).

Defendant's argument fails for several reasons. First, the language concerning what an employee must show only addresses a *change* in provider, not the initial approval of a provider by the

Commission. Second, the phrase "as may in the discretion of the Commission be necessary" omitted from the current version referred to the second sentence of § 97-25, which now provides that "in case of a controversy arising between the employer and the employee . . . the Industrial Commission may order necessary treatment." *Compare* N.C. Gen. Stat. § 97-25 (2011) *with* N.C. Gen. Stat. § 97-25 (2009). This sentence specifically authorizes the Commission to order "necessary treatment."

Most importantly, defendant ignores the first sentence of the cited paragraph, which states that

> If the employee so desires, an injured employee may select a health care provider of the employee's own choosing to attend, prescribe, and assume the care and charge of the employee's case *subject to the approval of the Industrial Commission.*

N.C. Gen. Stat. § 97-25 (2011) (emphasis added). Under this provision, "[a]pproval of an employee-selected physician is left to the sound discretion of the Commission." *Kanipe v. Lane Upholstery*, 141 N.C. App. 620, 626, 540 S.E.2d 785, 789 (2000) (citation omitted).

The language in this first sentence has not changed in relevant part since our Supreme Court interpreted § 97-25 to mean "that an injured employee has the right to procure, even in the absence of an emergency, a physician of his own choosing, subject to the approval of the Commission." *Schofield v. Great Atlantic & Pac. Tea Co., Inc.*, 299 N.C. 582, 591, 264 S.E.2d 56, 62 (1980); *see* N.C. Gen. Stat. § 97-25 (2009) ("Provided, however, if he so desires, an injured employee may select a physician of his own choosing to attend, prescribe and assume the care and charge of his case, subject to the approval of the Industrial Commission."); *see also* N.C. Gen. Stat. § 97-2(19) (2011) (defining medical compensation as those services "prescribed by a health care provider authorized by the employer *or subsequently by the Commission.*" (emphasis added)). The 2011 amendments only changed the word "physician" to "health care provider." This change does not indicate that the Legislature intended to alter the long-standing rule that the Industrial Commission can approve a health care provider chosen by the employee.

Moreover, this Court has long held that "the right to direct medical treatment is triggered only when the employer has accepted the claim as compensable." *Id.* at 624, 540 S.E.2d at 788. Accepting the compensability of the claim means that the defendant has taken some

act admitting compensability such as filing a Form 21 agreement accepted by the Commission, or directly paying the plaintiff and filing a Form 60. *Id.* at 625, 540 S.E.2d at 788.

Never has this Court held that a defendant may fully contest the compensability of the claim, lose before the Full Commission, and still have a right to direct the plaintiff's treatment. Such a result would be especially inappropriate where, as here, the defendant continues to contest the compensability of the plaintiff's injury. "[U]ntil the employer accepts the obligations of its duty, i.e., paying for medical treatment, it should not enjoy the benefits of its right, i.e., directing how that treatment is to be carried out." *Id.* at 624, 540 S.E.2d at 788. Nothing in the revised statute suggests that the Legislature intended to allow the employer to enjoy the benefits of choosing a treating physician without bearing the associated obligations. The approval of a physician remains in "the sound discretion of the Commission." *Kanipe,* 141 N.C. App. at 626, 540 S.E.2d at 789.

We conclude that the Commission did not abuse its discretion in approving Dr. Lane as plaintiff's treating physician.

## IV. Conclusion

The Industrial Commission's findings support its conclusion that plaintiff had a reasonable excuse for delay in filing written notice of his 2006 injury, and that defendant was not prejudiced by the delay. There was competent evidence to support the Commission's findings as to plaintiff's 2008 injury and those findings support its conclusions. Finally, the Commission did not abuse its discretion is approving Dr. Lane as a treating physician. Therefore, we affirm the Full Commission's 3 April 2012 Opinion and Award in full.

AFFIRMED.

Judges STEPHENS and DILLON concur.