IN THE COURT OF APPEALS OF NORTH CAROLINA

 2022-NCCOA-31

 No. COA20-874

 Filed 18 January 2022

 North Carolina Industrial Commission, I.C. No. 18-707399

 DONNA SPLAWN SPROUSE, Employee, Plaintiff,

 v.

 TURNER TRUCKING COMPANY, Employer, and ACCIDENT FUND GENERAL
 INSURANCE COMPANY, Carrier, Defendants.

 Appeal by defendants from opinion and award entered 10 September 2020 by

 the North Carolina Industrial Commission. Heard in the Court of Appeals 21

 September 2021.

 Roberts Law Firm, P.A., by Scott W. Roberts, for plaintiff-appellee.

 Holder Padgett Littlejohn + Prickett, LLC, by Laura L. Carter, for defendants-
 appellants.

 TYSON, Judge.

 I. Background

¶1 Donna Sprouse (“Plaintiff”) has been employed as a long-haul tractor trailer

 driver by the Mary B. Turner Trucking Company, LLC (“Defendant-Employer”) for

 more than 18 years. The Accident Fund General Insurance Company (“Defendant

 Carrier”) provides workers compensation coverage for Defendant-Employer (together

 “Defendants”). Plaintiff’s husband (“Mr. Sprouse”) is also employed by Defendant-
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 Employer.

¶2 On 24 September 2016, Plaintiff was driving a tractor trailer for Defendant-

 Employer when the front right tire suddenly blew out. The tractor trailer crashed

 into an embankment on the side of the road. The truck remained upright, while the

 trailer turned onto its side. Plaintiff’s head was severely jerked in the crash and her

 glasses and headset flew off. Mr. Sprouse, who was also inside the truck, suffered a

 foot and shoulder injury. Mr. Sprouse underwent shoulder surgery after the accident,

 and neither Plaintiff nor Mr. Sprouse worked from 24 September 2016 to January

 2017. Plaintiff verbally notified Defendant of the accident the day it happened.

¶3 Plaintiff experienced pain and soreness and visited, E. Gantt, ANP-C (“Nurse

 Gantt”), two days after the accident. Plaintiff reported all-over soreness, but

 particularly in her neck and back, muscle spasms from her mid to low back, and pain

 in her right buttock down to her foot. Nurse Gantt prescribed Plaintiff an anti-

 inflammatory and muscle relaxer for her pain. On 13 October 2016, Plaintiff

 presented for a follow-up appointment with Nurse Gantt and appeared to be

 improving. Plaintiff testified that she was still experiencing neck, shoulder, and leg

 pain at that time. Plaintiff did not provide written notice of her injury by accident to

 Defendant or that she was seeking or undergoing medical treatment.

¶4 Plaintiff’s pain continued to worsen after the 13 October appointment.

 Plaintiff’s history of intermittent sciatica had never caused her to miss significant
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 time at work prior to the accident. Plaintiff did not complain to Nurse Gantt about

 experiencing pain at her 26 January 2017, 13 February 2017, or 18 May 2017

 appointments. Plaintiff testified she believed the pain was caused by her history of

 sciatica and was unrelated to the work accident.

¶5 On or about 28 September 2017, approximately about one year following the

 accident, Plaintiff presented for another appointment with Nurse Gantt. Plaintiff

 complained of constant weakness in her arms, with a numbness and tingling

 sensation in her fingers and reported persistent pain in her cervical and lumbar

 spine. Nurse Gantt believed Plaintiff’s symptoms resembled cervical pain and acute

 left lumbar radiculopathy and she referred Plaintiff for a lumbar and cervical spine

 MRI. Plaintiff stopped working after this appointment and filed for short-term and

 long-term disability. This disability she filed for in September 2017 was apparently

 unrelated to the one at issue in this case. The Commission found Plaintiff was unable

 to work from 28 September 2017 until 21 April 2018 when she returned to work for

 Defendant.

¶6 On 29 November 2017, Plaintiff returned to Nurse Gantt and reported the

 same cervical and lumbar pain, in addition to her dragging her leg when walking. An

 MRI of Plaintiff’s lumbar spine, taken on 7 December 2017, exhibited spinal stenosis.

 Plaintiff reported that she had fallen twice since her last visit because her leg gave

 way at a follow-up appointment. Nurse Gantt referred Plaintiff to Dr. M.J. McGirt,
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 a neurosurgeon and practitioner in spinal neurosurgery. Defendants were not aware

 of any of these complaints or treatments, nor of Nurse Gantt’s referral to Dr. McGirt.

¶7 Plaintiff presented to Dr. McGirt on 27 December 2017. Dr. McGirt

 recommended and referred her for another MRI of Plaintiff’s cervical spine,

 suspecting cervical stenosis after a physical examination. On 8 January 2018,

 Plaintiff’s cervical MRI showed multiple spinal disc extrusions, and spinal

 abnormalities including neural foraminal stenosis. Defendants were not informed of

 this treatment or referral.

¶8 On 10 January 2018, Dr. McGirt explained the MRI results to Plaintiff and

 recommended corrective surgery. He noted Plaintiff “definitely has myelopathy with

 weakness in her hands[,] numbness in her hands[,] dropping things[,] and significant

 gait abnormalities all which progressed over the last year.” Dr. McGirt opined

 Plaintiff’s symptoms would worsen without surgery, given the severity of her spinal

 cord condition.

¶9 On 12 February 2018, Dr. McGirt performed a two-level anterior cervical

 discectomy and fusion on Plaintiff and removed “two large, herniated discs which had

 herniated back and compressed the spinal cord.” He “rebuilt that by putting in two

 cages and some screws and a plate to hold that together for the two-level fusion.” The

 surgery was successful. At Plaintiff’s 17 April 2018 check up with Dr. McGirt, she

 felt stronger and reported no neck pain. Dr. McGirt released Plaintiff from her work
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 restrictions, and on 21 April 2018, Plaintiff returned to work with Defendant-

 Employer.

¶ 10 Plaintiff submitted a post-surgical claim for her asserted work injury to

 Defendant-Carrier on 20 February 2018, while she was recovering from her spinal

 surgery. She told the adjuster she did not report an injury following the 24 September

 2016 accident because she did not believe her injuries were that serious and

 presumed her claim would be dropped at that time.

¶ 11 Deputy Commissioner A.W. Bruce filed an Opinion and Award in favor of

 Plaintiff on 22 May 2019. Defendants appealed. After hearing the parties’ arguments

 on 15 October 2019, the Full Commission entered an Opinion and Award affirming

 Deputy Commissioner Bruce’s decision. The Commission made the following

 relevant findings of fact:

 21. At his deposition, Dr. McGirt testified that the
 symptoms documented in Plaintiff’s medical records prior
 to September 24, 2016, were different from neurological
 dysfunction and loss of function (i.e. “weaknesses and
 numbness”) for which he treated Plaintiff. Dr. McGirt
 further opined that it was more likely than not that the
 September 24, 2016 tractor trailer wreck caused the two
 levels of herniated discs in Plaintiff’s spine and that the
 herniations necessitated the surgery he performed. . . .

 22. According to Dr. McGirt, Plaintiff was “pretty tough
 because . . . she had some pretty darn significant weakness
 that she was not coming in and screaming nor did we have
 a long drawn out workers [sic] comp conversation nor a
 causation conversation.” Dr. McGirt further testified that
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 “she didn’t realize that she had a spinal cord issue” and
 that such a delay in symptoms is not “out of the realm of
 what we typically see in spinal cord compression.”

 23. Based upon the preponderance of the evidence in
 view of the entire record, the Full Commission finds that
 Plaintiff sustained an injury by accident arising out of and
 in the course of her employment with Defendant-Employer
 when she was injured in the wreck of September 24, 2016.
 ...

 24. Based upon the preponderance of the evidence in
 view of the entire record, the Full Commission finds the
 medical treatment Plaintiff received from Dr. McGirt was
 reasonable and necessary to effect a cure, give relief, and
 lessen the period of disability from the cervical spine injury
 Plaintiff sustained on September 24, 2016.

 25. Based upon the preponderance of the evidence in
 view of the entire record, the Full Commission finds that
 Plaintiff was unable to work from September 28, 2017 until
 April 21, 2018, the date she returned to work for
 Defendants.

¶ 12 The Commission concluded: (1) Plaintiff’s injury was caused by the September

 2016 accident; (2) Plaintiff had reasonable excuse for her delayed written notice; (3)

 Defendants were not prejudiced by the delay; and, (4) Plaintiff was temporarily

 totally disabled from 28 September 2017 to 21 April 2018. The Commission made the

 following specific conclusions of law:

 2. . . . the greater weight of the credible evidence
 establishes that Plaintiff’s cervical spine injury was caused
 by Plaintiff’s September 24, 2016 work accident. N.C. Gen.
 Stat. § 97-2(6) (2019).

 ...
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 4. . . . Plaintiff had reasonable excuse for not providing
 written notice within 30 days because Plaintiff
 communicated with her employer on the date of the
 accident and because she did not reasonably know of the
 nature or seriousness of her injury immediately following
 the accident.

 5. . . . Defendants have failed to show prejudice resulting
 from the delay in receiving written notice because
 Defendant-Employer had actual, immediate notice of
 Plaintiff’s accident on the day of the accident. The actual
 notice provided to Defendant-Employer allowed ample
 opportunity to investigate Plaintiff’s condition following
 the violent truck accident and direct Plaintiff’s medical
 care. Thus, Defendants were not prejudiced by the delay
 in receiving written notice. Because Plaintiff has shown a
 “reasonable excuse” for not providing written notice of her
 accident to Defendants within 30 days, and because the
 evidence of record fails to show Defendants were prejudiced
 by not receiving written notice within 30 days, Plaintiff’s
 claim is not barred pursuant to N.C. Gen. Stat. § 97-22
 (2019).

 6. . . . Dr. McGirt opined that Plaintiff was unable to work
 from September 27, 2017 to April 20, 2018, which
 prevented her from working at her job as a long-haul
 tractor trailer driver or any other employment. Plaintiff
 was temporarily totally disabled from September 28, 2017
 until April 21, 2018.

 Defendants timely filed notice of appeal.

 II. Jurisdiction

¶ 13 This appeal is properly before this Court pursuant to N.C. Gen. Stat. § 97-86

 (2021).

 III. Issues
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

¶ 14 Plaintiff raises six issues on appeal. We have consolidated them into three

 issues: (1) whether Plaintiff failed to establish her condition is causally related to the

 trucking accident; (2) whether Plaintiff provided timely notice to her employer; and,

 (3) whether Plaintiff’s disability began when her physician removed her from work.

 IV. Analysis

 A. Standard of Review

¶ 15 Plaintiff bears the burden of proving a causal relationship between the injury

 and work-related incident for compensability by a preponderance of the evidence

 under the worker’s compensation statute. Whitfield v. Laboratory Corp. of Am., 158

 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003). Plaintiff’s “evidence must be such as

 to take the case out of the realm of conjecture and remote possibility” to carry her

 burden to prove causation. Id. at 350, 581 S.E.2d at 785 (citation and internal

 quotation marks omitted).

¶ 16 Where the evidence is stipulated, or the facts are uncontroverted, there are no

 credibility determinations for the Commission to make. The Commission’s

 conclusions must be based upon the proper application of those facts to the statute.

 Anderson v. Lincoln Constr. Co., 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)

 (“The Commission is the sole judge of the credibility of the witnesses and weight to

 be given their testimony.”).

¶ 17 We review the Commission’s conclusions of law and statutory interpretations
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 de novo. See Clark v. Burlington Industries., Inc., 78 N.C. App. 695, 698, 338 S.E.2d

 553, 555 (1986) (“While the Industrial Commission’s interpretation of [N.C. Gen

 Stat.] 97-53(28) is entitled to due consideration, the final say rests with the courts.”

 (citation omitted)).

 B. Causal Relation

¶ 18 Defendants argue that the Commission erred by concluding: (1) Plaintiff’s

 injury was caused by the 24 September 2016 accident; (2) Plaintiff was temporarily

 totally disabled from 28 September 2017 to 21 April 2018; and, (3) Plaintiff had

 reasonable excuse for her delayed written notice, which did not prejudice Defendants.

¶ 19 It is uncontested Plaintiff suffers from a long history of back, neck, and limb

 pain. Prior to the accident, Plaintiff suffered from a documented history of

 intermittent sciatica. Two days after the 26 September 2016 accident, Plaintiff

 reported soreness in her neck and back, muscle spasms from her mid-to-low back,

 and pain in her right buttock down to her foot. Despite these complaints, Plaintiff

 failed to provide written notice of her injury by accident to Defendants within 30 days

 as is statutorily required pursuant to N.C. Gen. Stat. § 97-22.

¶ 20 Plaintiff did not present nor complain to Nurse Gantt about the pain at her

 next three visits on 26 January 2017, 13 February 2017, or 18 May 2017. Plaintiff

 now asserts she believed the pain was caused by her history of sciatica and it was

 unrelated to the work accident. More than a year after the accident on 28 September
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 2017, Plaintiff attended another appointment with Nurse Gantt. Plaintiff did not

 consult Dr. McGirt until 27 December 2017. Defendants were never put on notice of

 these complaints or treatments.

¶ 21 Defendants argue Dr. McGirt’s treatment was only related to Plaintiff’s long

 history of chronic back and neck pain. Dr. McGirt also testified he knew from

 Plaintiff’s records that she had a history of pre-existing neck and back discomfort.

 Uncontested facts show Plaintiff’s chronic medical conditions pre-existed the work

 accident. Plaintiff’s argument is overruled.

 C. Timely Notice

 1. 30 Days

¶ 22 Plaintiff is statutorily required to have provided written notice of her injury by

 accident to Defendants within thirty days pursuant to N.C. Gen. Stat. § 97-22.

¶ 23 N.C. Gen. Stat. § 97-22 provides:

 Every injured employee . . . shall immediately on the
 occurrence of an accident, or as soon thereafter as
 practicable, give or cause to be given to the employer a
 written notice of the accident, and the employee shall not be
 entitled to physician’s fees nor to any compensation which
 may have accrued under the terms of this Article prior to
 the giving of such notice, unless it can be shown that the
 employer . . . had knowledge of the accident, . . . but no
 compensation shall be payable unless such written notice is
 given within 30 days after the occurrence of the accident or
 death, unless reasonable excuse is made to the satisfaction
 of the Industrial Commission for not giving such notice and
 the Commission is satisfied that the employer has not been
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 prejudiced thereby.

 N.C. Gen. Stat. § 97-22 (2021) (emphasis supplied).

¶ 24 Our Supreme Court reviewed this statute and held the “purpose of the notice-

 of-injury requirement is two-fold. It allows the employer to provide immediate

 medical diagnosis and treatment with a view to minimizing the seriousness of the

 injury, and it facilitates the earliest possible investigation of the circumstances

 surrounding the injury.” Booker v. Duke Medical Center, 297 N.C. 458, 481, 256

 S.E.2d 189, 204 (1979).

¶ 25 The evidence and record are uncontested that Plaintiff failed to provide timely

 notice, despite asserting a timely written notice and claim for her husband, who was

 injured in the same accident. Under the statute, Plaintiff is also required to provide

 a “reasonable excuse” for not so providing timely notice within thirty days, and must

 also show Defendants were not prejudiced by Plaintiff’s admitted failure to provide

 her employer written notice within thirty days. Otherwise, the statute provides “no

 compensation shall be payable,” and Plaintiff’s claim is barred pursuant to N.C. Gen.

 Stat. § 97-22.

 2. Prejudice

¶ 26 Defendants argue they were prejudiced by Plaintiff’s lack of notice and delays

 in two ways: (1) “by forcing a course of treatment that may not have been required,

 as [Plaintiff’s] cervical stenosis began in 2010;” and, (2) lack of written notice of injury
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

 until 471 days after the accident is prejudicial “regardless of the circumstances.” The

 Commission erred by not applying and enforcing the plain statutory written notice

 mandate and by shifting the burden from Plaintiff onto Defendants to prove they

 were prejudiced by Plaintiff’s failure after more than a year and four months to

 comply with the clear timelines and mandates of the statute. See N.C. Gen. Stat. §

 97-22.

¶ 27 Under de novo review, the Commission’s conclusions: (1) Plaintiff’s injury was

 caused by the 24 September 2016 accident; (2) Plaintiff was temporarily totally

 disabled from 28 September 2017 to 21 April 2018; and, (3) Plaintiff had reasonable

 excuse for her 471 days delayed written notice of accident, which did not prejudice

 Defendants are erroneous. These conclusions are not supported by the uncontested

 and admitted facts and by its findings of fact.

¶ 28 There are no credibility determinations for the Commission to make when

 stipulated, objective, and uncontested facts and evidence are admitted, and the

 statutory mandates are clear and unambiguous. If the General Assembly had not

 considered the statutory 30 days written notice to be mandatory and enforced as a

 matter of public policy, verbal or actual notice to the employer alone under the statute

 would be sufficient. The statute allows the Plaintiff to show a “reasonable excuse”

 and no prejudice incurred by the Defendants as a failsafe to the otherwise mandatory

 notice timelines. Id.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

¶ 29 Prejudice is also shown when a defendant is deprived of the opportunity to

 manage a plaintiff’s medical care and treatment and provide early and timely

 intervention, diagnosis, and treatment. Plaintiff’s long 471 days after-the-fact claim

 for compensation and payment to a non-approved heath care providers for non-

 authorized treatments is clearly not allowed under the statute. N.C. Gen. Stat. § 97-

 22. The record shows no evidence was admitted to support their finding Defendants

 were not prejudiced by Plaintiff’s 471-day-failure to provide the statutory written

 notice.

 D. Disability Date

¶ 30 The plaintiff carries and retains the burden of proving disability by the greater

 weight of the evidence. Clark v. Wal-Mart, 360 N.C. 41, 44-45, 619 S.E.2d 491, 493

 (2005). “[D]isability [is defined as] the impairment of the injured employee’s earning

 capacity rather than physical disablement.” Russell v. Lowes Product Distribution,

 108 N.C. App. 762, 765, 425 S.E.2d 454, 457 (1993).

 “[T]o support a conclusion of disability, the Commission
 must find: (1) that plaintiff was incapable after his injury
 of earning the same wages he had earned before his injury
 in the same employment, (2) that plaintiff was incapable
 after his injury of earning the same wages he had earned
 before his injury in any other employment, and (3) that this
 individual’s incapacity to earn was caused by plaintiff’s
 injury.

 Hilliard v. Apex Cabinet Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982).
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 Opinion of the Court

¶ 31 The Commission erred by concluding Plaintiff was temporarily totally disabled

 from 28 September 2017 to 21 April 2018. Plaintiff did not consult Dr. McGirt until

 27 December 2017. Dr. McGirt’s testimony and medical records confirm he was

 unaware of the 24 September 2016 accident at the time he treated Plaintiff more than

 a year later. Dr McGirt also testified he knew from Plaintiff’s complaints and records

 that she had a pre-existing history of neck and back pain. Dr. McGirt recommended

 Plaintiff stop working on 8 January 2018. Plaintiff was only disabled from 10

 January 2018 to 21 April 2018.

 V. Conclusion

¶ 32 The Full Commission’s conclusion that Plaintiff’s condition was causally

 related to her 24 September 2016 injury is unsupported by its findings of fact.

 Plaintiff failed to show a reasonable excuse for failing to timely notify her employer

 of her injury and that Defendants were not prejudiced by the 471 days delayed injury

 report. Defendants were unable to provide timely diagnosis and treatment to

 Plaintiff in the absence of statutory notice. Undisputed facts show Plaintiff was only

 disabled from 10 January 2018 to 21 April 2018. The opinion and award of the

 Commission is reversed and remanded. It is so ordered.

 REVERSED AND REMANDED.

 Judge Gore concurs.

 Judge Jackson dissents with separate opinion.
 No. COA20-874 – Sprouse v. Mary B. Turner Trucking Co. LLC

 JACKSON, Judge, dissenting.

¶ 33 Defendants appeal from the Commission’s Opinion and Award in favor of

 Plaintiff. The majority reverses the Commission, holding that the Commission’s

 findings do not support its conclusions. I believe the majority misapplies the

 standard of review and would affirm the Commission’s Opinion and Award.

 Therefore, I respectfully dissent.

 I. Background

¶ 34 Except where noted below, I agree with the facts as described by the majority.

 II. Standard of Review

¶ 35 The North Carolina Industrial Commission is the “sole judge” of the weight

 and credibility of evidence in worker’s compensation disputes. Deese v. Champion

 Int’l Corp., 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000). See also N.C. Gen. Stat. §

 97-86 (2021) (“The award of the Industrial Commission . . . shall be conclusive and

 binding as to all questions of fact[.]”). Therefore, this Court’s role on appeal is limited

 to reviewing “(1) whether the findings of fact are supported by competent evidence,

 and (2) whether the conclusions of law are justified by the findings of fact.” Clark v.

 Wal-Mart, 360 N.C. 41, 43, 619 S.E.2d 491, 492 (2005). This Court does not reweigh

 evidence on appeal. Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414

 (1998) (“The court’s duty goes no further than to determine whether the record

 contains any evidence tending to support the finding.”) (emphasis added). All

 evidence is viewed in the light most favorable to the plaintiff, with every inference in

 her favor. Deese, 352 N.C. at. 115, 530 S.E.2d at 553.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 36 In my opinion, for much of its opinion, the majority applies a different standard

 of review and improperly reweighs the evidence all in favor of Defendants.

 III. Analysis

¶ 37 On appeal, Defendants argue that the Commission erred by concluding that

 (1) Plaintiff’s injury was caused by the 24 September 2016 accident, (2) Plaintiff was

 temporarily totally disabled from 28 September 2017 to 21 April 2018, and (3)

 Plaintiff had reasonable excuse for her delayed written notice, which did not prejudice

 Defendant-Employer. I disagree and would affirm the Commission’s conclusions.

 A. Cause of Plaintiff’s Injury

¶ 38 Defendants argue that the Commission erred in finding that Plaintiff’s injury

 was caused by the September 2016 accident, effectively challenging finding 23 and

 conclusion two. I disagree and would affirm both.

¶ 39 The plaintiff in a worker’s compensation case bears the burden of proving a

 causal relationship between the injury and work-related incident for compensability.

 Whitfield v. Lab’y Corp., 158 N.C. App. 341, 350, 581 S.E.2d 778, 784 (2003). To

 establish causation, “the evidence must be such as to take the case out of the realm

 of conjecture and remote possibility.” Id. at 350, 581 S.E.2d at 785 (internal quotation

 and citation omitted). “[W]here the exact nature and probable genesis of a particular

 type of injury involves complicated medical questions far removed from the ordinary

 experience and knowledge of laymen, only an expert can give competent opinion
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 evidence as to the cause of the injury.” Click v. Pilot Freight Carriers, Inc., 300 N.C.

 164, 167, 265 S.E.2d 389, 391 (1980) (citation omitted).

¶ 40 Here, in arguing that Plaintiff’s injury was not caused by the September 2016

 work accident, Defendants point to Plaintiff’s long history of back, neck, and limb

 pain. Defendants theorize that Plaintiff’s injury pre-existed the work accident and

 argue that this theory is supported by Dr. McGirt’s testimony and medical records,

 where he admitted that he was unaware of the September 2016 accident at the time

 he treated Plaintiff and knew from Plaintiff’s records that she had a history of neck

 and back discomfort. Defendants further contend that “Dr. McGirt’s treatment was

 only related to [Plaintiff’s long history of] chronic back and neck pain.”

¶ 41 The majority agrees with Defendants and this argument. I believe this

 argument should be rejected because it improperly asks this Court to reweigh

 evidence on appeal. As described supra, the Commission found that Plaintiff’s injury

 was caused by the 24 September 2016 accident. Because Plaintiff’s injury involves

 complicated medical questions, “only an expert can give competent opinion evidence

 as to the cause of the injury.” Click, 300 N.C. at 167, 265 S.E.2d at 391.

¶ 42 In his deposition, Dr. McGirt testified that Plaintiff’s spinal cord injury was

 more likely than not caused by the September 2016 accident. Although Dr. McGirt

 did not discuss causation with Plaintiff at her appointments, Dr. McGirt based his

 opinion on the fact that Plaintiff’s “spinal cord compression from [] two very large disc
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 herniations[] had to have come from a more sizable injury” and the September 2016

 accident was the most fitting injury in her recent history. Dr. McGirt opined that

 this type of spinal cord injury, which he deals with frequently, can often take one to

 two years to become symptomatic. Dr. McGirt was continually asked in his deposition

 whether Plaintiff’s medical history of back, neck, or limb pain impacted his opinion

 about the underlying cause of Plaintiff’s spinal cord injury. Dr. McGirt repeatedly

 replied that it did not change his opinion on causation because “pain syndrome [is]

 very different than what [he] was treating which was neurological dysfunction and

 loss of function.” Defendants fail to mention any of this evidence in their brief, despite

 their contention that Dr. McGirt’s testimony supports their argument, and the

 majority similarly ignores this record evidence, despite concluding that the

 Commission’s causation finding was unsupported.

¶ 43 I would therefore hold that the Commission’s finding that Plaintiff’s injury was

 caused by the September 2016 accident was supported by competent evidence in the

 form of Dr. McGirt’s expert medical testimony, and the Commission did not err in

 concluding that the causation requirement for compensability was satisfied.

 B. Length of Plaintiff’s Disability

¶ 44 Defendants next argue that the Commission erred in finding that Plaintiff’s

 disability began on 28 September 2017, at the onset of her spinal compression

 symptoms, and argue instead that Plaintiff’s disability began on 10 January 2018,
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 when Dr. McGirt put Plaintiff on work restrictions. Defendants therefore effectively

 challenge finding 25 and conclusion six.

¶ 45 Under the North Carolina Workers’ Compensation Act, disability is defined as

 “incapacity because of injury to earn the wages which the employee was receiving at

 the time of injury in the same or any other employment.” N.C. Gen. Stat. § 97-2(9)

 (2021). The burden of proving disability is on the plaintiff. Hilliard v. Apex Cabinet

 Co., 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). In order to conclude that a

 disability existed, the Commission must find

 (1) that plaintiff was incapable after his injury of
 earning the same wages he had earned before his injury in
 the same employment,

 (2) that plaintiff was incapable after his injury of
 earning the same wages he had earned before his injury in
 any other employment, and

 (3) that this individual’s incapacity to earn was caused
 by plaintiff’s injury.

 Id. (citation omitted).

¶ 46 Here, Defendants argue that the first prong is not satisfied, because Plaintiff

 was not under work restrictions until her appointment with Dr. McGirt on 10

 January 2018, and Nurse Gantt did not put restrictions on Plaintiff’s ability to work

 at her 28 September 2017 appointment. However, Defendants again improperly ask

 this Court to reweigh evidence and ignore the expert opinion of Dr. McGirt, which

 was relied upon by the Commission in its findings.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 47 Finding 21, which is uncontested and binding on appeal, establishes that it

 was Dr. McGirt’s expert opinion that Plaintiff was unable to work when she reported

 numbness and weakness at her 28 September 2017 appointment with Nurse Gantt.

 In its statement of the facts, the majority omits and ignores a portion of finding 21

 which states that “Dr. McGirt also testified Plaintiff would have been unable to work

 from September 28, 2017, when Plaintiff began experiencing numbness and

 weakness.” In support of this finding, Dr. McGirt testified,

 I mean she should not have been working. Any patient who
 has that degree of spinal cord compression should not be
 working and if they are able to do it it’s just out of
 dedication and determination to do it. I mean that’s a
 major problem. So was she physically capable to drive a
 car? I believe she was physically capable to drive a car but
 the standard of care in neurosurgery or orthopedic spine
 surgery is somebody with severe cervical stenosis from disc
 herniations should not be allowed to drive those cars or
 professionally go back to work until they’re fixed.

 Therefore, even though Plaintiff was not formally diagnosed and restricted from

 working by Dr. McGirt until 10 January 2018, it was Dr. McGirt’s opinion that

 Plaintiff was unable to work at the onset of her symptoms, due to the severity of her

 injury. This evidence is competent to support the Commission’s finding that Plaintiff

 was unable to work beginning on 28 September 2017, and this finding supports the

 Commission’s conclusion that Plaintiff’s temporary disability began on 28 September

 2017. I would therefore affirm the Commission’s disability conclusion.

¶ 48 The majority appears to adopt Defendants’ theory that “Dr. McGirt’s treatment
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 was only related to [Plaintiff’s long history of] chronic back and neck pain[,]” stating

 that “[u]ncontested facts show Plaintiff’s chronic medical conditions pre-existed the

 work accident[,]” and “Dr. McGirt also testified he knew from Plaintiff’s records that

 she had a history of pre-existing neck and back discomfort.” However, in reaching

 this conclusion, I believe the majority mischaracterizes the record and misapplies the

 standard of review. While it’s true that Plaintiff had chronic medical conditions prior

 to the work accident, the facts are certainly not “undisputed” that her injury at issue

 pre-existed the work accident. Moreover, even knowing about her pre-existing neck

 and back pain, Dr. McGirt specifically and repeatedly testified that Plaintiff’s spinal

 cord compression injury “had to have come from a more sizable injury” and the

 existence of pre-existing pain did not change his opinion that the September accident

 caused her spinal injury because “pain syndrome [is] very different than what [he]

 was treating which was neurological dysfunction and loss of function.”

 C. Written Notice Requirement

¶ 49 Defendants’ final argument is that (1) Plaintiff’s compensation claim should be

 barred because she did not provide written notice of her injury to Defendant-

 Employer within 30 days pursuant to N.C. Gen. Stat. § 97-22, and (2) the Commission

 erred by finding that Plaintiff had reasonable excuse for her delayed written notice

 and Defendant-Employer was not prejudiced by the delay. Therefore, Defendants

 effectively challenge the Commission’s conclusions four and five.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 50 An injured employee involved in a work-related accident generally must give

 written notice of the accident to her employer within 30 days in order to receive

 compensation for the injury. N.C. Gen. Stat. § 97-22 (2021). The notice requirement

 can be waived by the Commission if (1) “reasonable excuse is made to the satisfaction

 of the Industrial Commission for not giving such notice” and (2) “the Commission is

 satisfied that the employer has not been prejudiced thereby.” Id.

¶ 51 “A ‘reasonable excuse’ has been defined by this Court to include a belief that

 one’s employer is already cognizant of the accident or where the employee does not

 reasonably know of the nature, seriousness, or probable compensable character of his

 injury and delays notification only until he reasonably knows.” Yingling v. Bank of

 Am., 225 N.C. App. 820, 828, 741 S.E.2d 395, 401 (2013) (internal quotation and

 citation omitted). The employee bears the burden of showing a reasonable excuse.

 Id. Either the employer’s actual knowledge or the employee’s lack of knowledge

 suffice to show reasonable excuse, but both are not required. Id. at 832, 741 S.E.2d

 at 403.

¶ 52 Even if the employee had a reasonable excuse, if the defendant-employer shows

 it was prejudiced by delayed notice, the employee’s claim is barred. Id. at 832, 741

 S.E.2d at 403-04. This Court has repeatedly held that “[a] defendant-employer bears

 the burden of showing that it was prejudiced.” See e.g., id. at 832, 741 S.E.2d at 403

 (internal citation omitted); Chavis v. TLC Home Health Care, 172 N.C. App. 366, 378,
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 616 S.E.2d 403, 413 (2005); Lakey v. U.S. Airways, Inc., 155 N.C. App. 169, 172-73,

 573 S.E.2d 703, 706 (2002); Peagler v. Tyson Foods, Inc., 138 N.C. App. 593, 604, 532

 S.E.2d 207, 214 (2000). The majority incorrectly states that it is the Plaintiff’s burden

 to prove Defendant-Employer was not prejudiced and that the Commission engaged

 in impermissible burden shifting.

¶ 53 With regard to prejudice, our Supreme Court has held that the “purpose of the

 notice-of-injury requirement is two-fold. It allows the employer to provide immediate

 medical diagnosis and treatment with a view to minimizing the seriousness of the

 injury, and it facilitates the earliest possible investigation of the circumstances

 surrounding the injury.” Booker v. Duke Medical Center, 297 N.C. 458, 481, 256

 S.E.2d 189, 204 (1979). The Commission’s conclusion that an employer was not

 prejudiced can be supported by findings showing that the “purpose[] of the notice

 requirement [was] vindicated[.]” Gregory v. W.A. Brown & Sons, 363 N.C. 750, 762,

 688 S.E.2d 431, 439 (2010). The purpose of the notice requirement is vindicated

 where the defendant-employer “had immediate, actual knowledge of the accident and

 failed to further investigate the circumstances surrounding the accident at that time.”

 Yingling, 225 N.C. App at 834, 741 S.E.2d at 405 (citation omitted).

¶ 54 Here, it is uncontested that Plaintiff filed her disability claim after the 30-day

 statutory window. Therefore, I would only address conclusions four and five of the

 Commission, which are directly challenged by Defendants.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 55 In conclusion four, which contains mixed findings of fact and law, the

 Commission concluded that Plaintiff had reasonable excuse for the delayed notice,

 finding both that Plaintiff reported the accident to Defendant-Employer on the day of

 the accident and that “she did not reasonably know of the nature or seriousness of

 her injury immediately following the accident.” The finding that Plaintiff

 communicated with Defendant-Employer on the day of the accident is not challenged

 by Defendants on appeal and is therefore binding. The finding regarding Plaintiff’s

 knowledge of her injury is supported by competent evidence, because Dr. McGirt

 testified that Plaintiff “didn’t realize she had a spinal cord issue” at her appointments

 and Plaintiff told Defendant-Carrier that she did not believe she was badly hurt

 immediately following the accident. The majority summarily concludes that

 “Plaintiff failed to show a reasonable excuse” without discussing the Commission’s

 findings or corresponding evidence regarding Defendant-Employer’s actual

 knowledge of Plaintiff’s injury or Plaintiff’s lack of knowledge of her injury’s

 seriousness.

¶ 56 Defendants argue that Defendant-Employer should have been notified of

 Plaintiff’s injury at the latest when Plaintiff was referred to Dr. McGirt in December

 2017, because by then Plaintiff should have realized the seriousness of her injury. In

 essence, Defendants ask this Court to find as a fact that Plaintiff knew or should have

 known of the seriousness of her injury in December 2017, and therefore did not have
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 a reasonable excuse to wait until February 2018 to report the injury. However, the

 Commission is the “sole judge” of the weight and credibility of witnesses on appeal,

 and this Court should decline to reweigh the evidence in Defendants’ favor.

 Therefore, I would uphold the Commission’s finding of reasonable excuse, because

 Defendant-Employer had actual notice of the accident and Plaintiff did “not

 reasonably know of the nature, seriousness, or probable compensable character of

 [her] injury and delay[ed] notification only until [she] reasonably [knew.]” Yingling,

 225 N.C. App. at 828, 741 S.E.2d at 401.

¶ 57 In conclusion five, the Commission found that Defendants were not prejudiced

 by the delayed notice because “Defendant-Employer had actual, immediate notice of

 Plaintiff’s accident on the day of the accident” which “allowed ample opportunity to

 investigate Plaintiff’s condition following the violent truck accident and direct

 Plaintiff’s medical care.” Defendants do not contest the Commission’s finding of

 actual notice, and therefore I would hold that it is binding on appeal.

¶ 58 Defendants argue that they were prejudiced in two ways: (1) “by forcing a

 course of treatment that may not have been required, as [Plaintiff’s] cervical stenosis

 began in 2010,” and (2) written notice of injury 471 days after the accident is

 prejudicial “regardless of the circumstances.” I would decline to address the first

 argument, which is not supported by the Commission’s binding factual finding that

 Plaintiff’s injury was caused by the work accident, as discussed extensively above.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 59 Defendant’s second argument is unsupported by statute or case law. I would

 decline to create a per se rule of prejudice, which would abrogate the Commission’s

 statutory role in evaluating prejudice on a case-by-case basis. Because I believe the

 Commission’s finding of Defendant-Employer’s actual notice is sufficient to vindicate

 the purpose of the notice requirement, I would hold that this finding supported the

 conclusion that Defendants were not prejudiced.

¶ 60 In its recitation of the facts, the majority omits a portion of finding of fact 23,

 which states

 The Full Commission further finds that Defendant-
 Employer had actual notice of Plaintiff’s September 24,
 2016 injury by accident on or about September 24, 2016,
 when Plaintiff reported the wreck to Defendant-Employer,
 and that Plaintiff had reasonable excuse for the delay in
 providing written notice of her accident to Defendant-
 Employer as she did not reasonably know of the nature or
 seriousness of her injury immediately following the
 accident. The Full Commission further finds that
 Defendants failed to show they were prejudiced by any
 delay in the notice of Plaintiff’s accident.

¶ 61 Thereafter, the majority holds that

 There are no “credibility determinations” for the
 Commission to make when undisputed facts and evidence
 are admitted, and the statutory mandates are clear and
 unambiguous. If the General Assembly had not considered
 the statutory 30 days written notice to be mandatory and
 enforced as a matter of public policy, verbal or actual notice
 to the employer alone under the statute would be sufficient.
 The statute allows the Plaintiff to show a “reasonable
 excuse” and no prejudice incurred by the Defendants as a
 failsafe to the otherwise mandatory notice timelines.
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

¶ 62 Not only does the majority omit the Commission’s finding of reasonable excuse,

 it also wholly ignores the law on “actual notice” as provided above, that the purpose

 of the notice requirement is vindicated where a defendant-employer “had immediate,

 actual knowledge of the accident and failed to further investigate the circumstances

 surrounding the accident at that time.” Yingling, 225 N.C. App at 842, 741 S.E.2d at

 405. Defendants never contest that they received actual notice, and the majority

 glosses over its significance in this case and its opinion.

¶ 63 Additionally, the majority, by improperly shifting the burden of disproving

 prejudice to Plaintiff, holds that “[t]he record shows no evidence was admitted to

 support [the Commission’s] finding Defendants were not prejudiced by Plaintiff’s 471-

 day failure to provide the statutory written notice.” However, as correctly noted by

 the Commission, Defendant-Employer is the one who has failed to admit evidence to

 prove prejudice, not Plaintiff. The Defendants did not offer any testimony to show

 that Plaintiff’s course of treatment would have been different, or that surgery was

 avoidable, if she had provided written notice within the statutory window and

 likewise do not point to any record evidence to support their theory that Dr. McGirt

 “forc[ed] a course of treatment that may not have been required[.]” The majority

 holds that Defendant-Employer was deprived of the opportunity to manage Plaintiff’s

 injury treatment by impliedly assuming that “early and timely diagnosis and

 treatment” would have been possible in this case. However, not only does this
 SPROUSE V. TURNER TRUCKING CO.

 2022-NCCOA-31

 JACKSON, J., dissenting

 arguably engage in impermissible fact-finding solely in the province of the

 Commission, but the Commission specifically found, and competent record evidence

 supports, that the onset of Plaintiff’s severe symptoms and loss of function, which

 signaled the need for further treatment, did not even begin until over a year after

 Plaintiff’s work injury.

 IV. Conclusion

¶ 64 For the foregoing reasons, I would affirm the Commission’s conclusions that

 (1) Plaintiff’s injury was caused by the 24 September 2016 accident, (2) Plaintiff was

 temporarily totally disabled from 28 September 2017 to 21 April 2018, and (3)

 Plaintiff had reasonable excuse for her delayed written notice, which did not prejudice

 Defendant-Employer. Accordingly, I respectfully dissent.